# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10068 | **DATE** | 4/16/2013 |
| **CASE TITLE** | SNK America, Inc. v. Armagh Capital Resources, LLC | | |

**DOCKET ENTRY TEXT:**

The Court denies plaintiff's motion [10] to dismiss defendant's counterclaim.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff SNK America, Inc. ("SNK") filed against defendant Armagh Capital Resources, LLC ("Armagh") a one-count complaint for breach of contract. In its complaint, SNK alleges that it entered an agreement with Armagh under which Armagh agreed to buy a machine from SNK for $2,520,475.00. SNK alleges that it delivered the machine, that Armagh made a partial payment and that Armagh then refused to pay the remaining balance.

Armagh has filed a counter-claim, in which it asserts that SNK breached the same contract. Armagh alleges that the machine SNK delivered was not free from defects in material and workmanship, that the machine has failed to operate as intended and that Armagh has, therefore, lost income.

SNK moves to dismiss Armagh's counterclaim for failure to state a claim. Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). SNK argues that Armagh has not included enough facts to make out a comprehensible claim. The Court disagrees. "[T]he height of the pleading requirement is relative to the circumstances." *Cooney v. Rossiter, Jr.*, 583 F.3d 967, 971 (7th Cir. 2009). Armagh has alleged a simple claim, and no additional facts are necessary to put SNK on notice of the claim.

| STATEMENT |
|---|
| SNK also makes arguments that suggest that Armagh may not be able to prevail on the merits of its counter-claim. That may be, but the Court will not consider the merits on a motion to dismiss. SNK may bring a motion for judgment on the pleadings or a motion for summary judgment if it wishes the Court to consider the merits. SNK's motion to dismiss is denied. |